WILLIAM COAKLEY v. CINCINNATI (CITY).

IN PROSECUTION FOR BEING A KNOWN THIEF FACTS UPON WHICH CHARGE IS BASED NEED NOT BE AVERRED.

> In a prosecution for being a known thief, it is sufficient to charge the defendant with being then and there a known thief without averring facts upon which the charge is based.

ERROR to common pleas court.

*Louis B. Sawyer,* for plaintiff in error.

*Chas. H. Urban,* for defendant in error.

GIFFEN, P. J.

The charge in the affidavit that the defendant "being then and there a known thief" is sufficient without setting forth the

Coakley v. Cincinnati.

facts from which he is known as a thief. His general course of conduct or reputation with respect to being a thief is hereby put in issue. .

The evidence of his conviction, imprisonment at St. Louis and subsequent parol by Gov. Folk was hearsay and erroneous; but there could be no prejudice, as it was also shown by his own admission.

The information conveyed by the police department of St. Louis concerning his general reputation was not hearsay, the rule as stated in Greenleaf, Evidence Sec. 101, and quoted in the case of *Upthegrove* v. *State,* 37 Ohio St. 662, being as follows:

"Upon the same principle it is considered, that evidence of general reputation, reputed ownership, public rumor, general notoriety and the like, though composed of the speech of third persons, not under oath, is original evidence, and not hearsay."

We find no prejudicial error in the record, and the judgment will be affirmed.

**Smith** and **Swing, JJ.,** concur.